UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID FRANCES GARDNER,

    Plaintiff,

v.                                                                            Case No. 3:22cv4889-MCR-HTC

ESCAMBIA COUNTY COMMISSIONER'S OFFICE,
ESCAMBIA COUNTY JAIL,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff David Frances Gardner filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983 complaining of the conditions of confinement at the Escambia County Jail ("Jail"). ECF Doc. 16. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons which follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

On September 6, 2022, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to exhaust administrative remedies and gave him

until September 27, 2022, to do so. ECF Doc. 18. After Plaintiff filed an untitled document that was not responsive, ECF Doc. 19, the Court, *sua sponte*, extended the time for Plaintiff to respond to the show cause order to October 6, 2022. ECF Doc. 20. Despite this leniency and extra time, Plaintiff has failed to respond to the September 15, 2022, order, and the time for doing so has passed.

Dismissal is therefore appropriate for Plaintiff's failure to comply with orders of the Court. *See, e.g.*, *Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) ("Because Frith did not respond despite two warnings from the court that a failure to comply could result in the dismissal of his complaint, the district court properly exercised its discretion in dismissing the complaint."). As the Eleventh Circuit has stated, a "district court need not tolerate defiance of reasonable orders." *Brown v. Blackwater River Corr. Facility,* 762 F. App'x 982, 985 (11th Cir. 2019) (affirming dismissal for failure to pay the partial filing fee despite show cause orders) (citing *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1241 (11th Cir. 2009)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Indeed, a "court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for . . . failure to obey a court order." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citations omitted).

Case No. 3:22cv4889-MCR-HTC

Dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 14th day of October, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**